UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZSOLT ASSENBRENNER,

       Plaintiff,

v.                                       Case No:   6:16-cv-123-Orl-40TBS

SPRUCE CREEK COUNTRY CLUB,
INC.,

       Defendant.

_____

## REPORT AND RECOMMENDATION

      This case came for consideration without oral argument on the parties' Motion to Approve Settlement (Doc 9).   Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

      Plaintiff worked as a chef at Defendant's restaurant in Port Orange, Florida (Doc. 1, ¶¶ 4-5).   He complains that he worked overtime for which Defendant did not compensate him at the rate of time and a half in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Id., ¶ 21).   Plaintiff also alleges that his employment was terminated in response to his complaints about not being paid overtime (Id., ¶¶ 23-30).   Plaintiff's original damage claim was $7,725 (Doc. 9 at 1).   Before it retained counsel, Defendant admitted in writing that it believed it owed Plaintiff $1,950 (Doc. 11 at 1-2).   Plaintiff offered to settle for this amount, plus an equal sum for liquidated damages (Id., at 2).   When Defendant refused to pay more than $1,950, this lawsuit was filed (Id.).   Defendant now disputes Plaintiff's claims and insists that if it did anything wrong, its actions were in good faith (Doc. 9 at 1-2).   Through negotiation, Defendant has now agreed to pay Plaintiff $3,000 in actual damages; $3,000 in liquidated damages; $1,600 in

attorney's fees; and $400 in costs (Id., at 2).   The parties agree that this is a fair

settlement, considering the uncertainties inherent in going to trial (Id.).   In addition,

Plaintiff has become a long haul truck driver and continuing to litigate will frustrate his

ability to maximize his earnings at his current job (Id.).

 The United States Court of Appeals for the Eleventh Circuit has explained that an

FLSA claim can be settled and resolved in two ways.   First, an employee may settle and

waive claims under the FLSA if the payment of unpaid wages by the employer to the

employee is supervised by the Secretary of Labor.   29 U.S.C. § 216(c); Lynn's Food

Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).   Second, an employee may

settle and waive claims under the FLSA if the parties present to the district court a

proposed settlement agreement, and the district court enters a judgment approving the

settlement.   Lynn's Food Stores, Inc., 679 F.2d at 1353.   The nature of this lawsuit

prompts the district court's review of the settlement agreement rather than an

examination conducted by the Secretary of Labor.

 The district court must scrutinize the parties' settlement agreement and determine

whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

Id. at 1354-55.   If the parties' settlement reflects a reasonable compromise over issues

that are actually in dispute, the Court may approve the settlement "in order to promote the

policy of encouraging settlement in litigation."   Id. at 1354.   In determining whether a

settlement is fair and reasonable, the Court considers the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the
> litigation; (3) the stage of the proceedings and the amount of
> discovery completed; (4) the probability of plaintiff's success
> on the merits; (5) the range of possible recovery; and (6) the
> opinions of the counsel.

Hamilton v. Frito-Lay, Inc., No. 6:05CV-592ORL-22JGG, 2007 WL 219981, at *2 (M.D. Fla. Jan. 26, 2007).   There is a "'strong presumption' in favor of finding a settlement fair." Id. (quoting Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The parties' settlement agreement is the shortest the undersigned has ever reviewed (Doc. 9 at 5-6).   On page 1, Defendant agrees to pay $8,000 and the parties agree to the allocation of those funds (Id., at 5).   Plaintiff agrees that he has been paid fully and fairly, all sums due to him under the FLSA, and the parties agree that the $6,000 to be received by Plaintiff was negotiated independently from the attorney's fees and costs to be paid to counsel (Id.).   At page 2, the parties agree that in the event of a breach of the settlement agreement, venue will lie in the Circuit Court in and for Volusia County, Florida (Id., at 6).   There are no release, confidentiality, non-disparagement, or other similar terms routinely seen in FLSA settlement agreements.   There are also no apparent badges of fraud surrounding the parties' agreement.

In FLSA lawsuits for unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."   29 U.S.C. § 216(b).   Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs."   Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered and that no conflict of interest taints the claimant's recovery.   Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).   "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents."   Perez v. Nationwide Protective Servs., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla.

Oct. 31, 2005).   Plaintiff's counsel has agreed to accept $1,600 in fees and $400 in costs, which is less than what he is owed under his fee agreement with his client (Doc. 9 at 3).   And, the parties represent that the fees and costs were negotiated separately from Plaintiff's recovery without regard to the amount of the settlement sum (Id.).   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel.   See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

Upon consideration of the foregoing, I respectfully recommend that the Court **APPROVE** the parties' settlement and **DISMISS** this case **with prejudice**.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 18, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record